**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 17, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50690
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MERCED MADRID-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-11-3

_____

Before GARWOOD, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Merced Madrid-Rodriguez was convicted on his conditional guilty plea of possession with intent to distribute marihuana. He appeals the district court's denial of his motion to suppress and argues that the stop of the truck in which he was a passenger was not supported by reasonable suspicion and, as a result, the

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marihuana seized and the post-arrest statements he made should be suppressed.

The following facts, among others, were considered in determining that there was reasonable suspicion to support the stop of the truck in which Madrid was a passenger: (1) at the time the truck was initially spotted, it was very close to an illegal border crossing and was traveling directly behind a white Oldsmobile, which was the subject of a BOLO report and owned by a known drug trafficker; (2) the truck matched the description of a truck owned by a known drug trafficker; (3) both the Oldsmobile and the truck had two-way radio antennas attached to the roofs; (4) the truck was stopped in an area known for illegal trafficking; (5) the area in which the truck was traveling is an area known to be used for circumventing a checkpoint; (6) the agents were experienced in cases involving illegal aliens and controlled substances; (7) the driver of the truck decelerated and accelerated for no apparent reason and immediately braked and veered onto the shoulder of the road when he saw a marked patrol car; (8) when a helicopter was approximately 50 feet away from the truck, the driver of the truck did not acknowledge the helicopter but merely maintained his speed; and (9) when the truck hit bumps and turned a corner sharply, diesel fuel was emitted from the fuel tank.

Border Patrol Agents on roving patrols may make a temporary investigative stop of a car if they are aware of specific,

articulable facts that reasonably warrant suspicion to believe that criminal activity may be afoot. *United States v. Arvizo*, 534 U.S. 266, 273, 122 S.Ct. 744, 750 (2002). As a result of the foregoing facts, we conclude that there was reasonable suspicion to support the stop of the truck. Accordingly, the district court did not err in denying the motion to suppress the seizure of the marihuana and the post-arrest statements made by Madrid. *See United States v. Inocencio*, 40 F.3d 716, 722-24 (5th Cir. 1994).

Thus, the judgment of the district court is

AFFIRMED.